**OHIO TELEPHONE & TELEGRAPH CO., Plaintiff, v. STEEN, Defendant.**

Common Pleas Court, Wood County.

No. 31145.   Decided March 23, 1949..

Alva W. Bachman, Bowling Green, Frank W. Shelton, Jr., Cleveland, for plaintiff.

Bowman, Hanna & Middleton, Bowling Green, for defendant.

**OPINION**

By SOLETHER, J.

This matter is before the court upon a hearing upon the preliminary matters as provided by §11046 GC.

The plaintiff, The Ohio Telephone and Telegraph Company, filed a petition in this court to condemn a certain strip of land belonging to the defendant to complete its right-of-way for a proposed under-ground communication system to be constructed between Toledo and Dayton, Ohio.

At the hearing evidence was introduced by the plaintiff with respect to (a) the corporate existence of the plaintiff; (b) its right to appropriate; (c) its inability to agree with the owner; and (d) the necessity for the appropriation.

It was stipulated and agreed by the parties that the plaintiff is a corporation organized and existing under the laws of the State of Ohio; that the defendant owns the land sought to be appropriated herein; that the plaintiff has been unable to agree with the said defendant, and it was admitted by defendant (defendant's brief pages 1 & 2) that plaintiff is a public utility with the right of eminent domain.

Therefore the only issues in controversy to be determined by the court are (a) the right of the plaintiff to appropriate defendant's land; and (b) the necessity for its so doing.

It is the contention of the defendant that the plaintiff has no right to condemn his property because at some time in the future the proposed line across his property may be used for transmission of television and that the company has not established the necessity for the appropriation of defendant's land because it is condemning a wider strip across his land than it acquired across his neighbor's land, and because there is other suitable land available without taking his.

Counsel for the respective parties have filed very well prepared briefs which the court has examined and carefully considered.

The defendant admitted in his brief (page 3) that the plaintiff established at the hearing that the proposed line across defendant's property would be used for transmission of telephonic messages. The defendant having admitted that the plaintiff is a public utility and has the right to appropriate for telegraph and telephone purposes it would appear that defendant's land is clearly being appropriated for the purposes prescribed by §§9172 and **9191.** Defendant's contention that the land is to be used primarily for television purposes is not supported by the evidence.

The court is of the opinion, from a consideration of the evidence that the primary purpose for which the coaxial cable is being installed is to provide telephone and telegraph circuits and in addition to these uses it no doubt will be used in the future for television purposes.

The court is also of the opinion from a consideration of the argument and cases cited in the brief of the plaintiff that the transmission of television is merely an advancement or improvement in the art of telegraphy and telephony and therefore the right of eminent domain for telegraph and telephone purposes conferred by §§9172 and **9191 GC** is applicable to television.

It is a general rule that the statutes granting the right of eminent domain should be strictly construed. However, it is well established that such Statutes should not be so technically or unreasonably interpreted as to interfere with the normal business of a utility and the development of the service which it renders to the public.

It is therefore the conclusion of the court that the plaintiff has shown that it has the right to appropriate defendant's land.

Coming now to consider the question of the necessity for the appropriation it is the conclusion of the court from a consideration of all the evidence and of the cases cited in the brief of counsel for plaintiff that the appropriation of defendant's land for the new cable is necessary in view of the great public need for new telephone circuits; that the selection of defendant's land for the appropriation is necessary and proper; that the plaintiff in selecting defendant's land for the appropriation acted reasonably and proper and that the appropriation of a two rod strip over defendant's land is necessary to provide ingress and egress.

The evidence and the law clearly establishes the right of the plaintiff to condemn the two rod strip across defendant's property for a right-of-way for the new Dayton-Toledo coaxial cable route and the necessity for so doing and that plaintiff being a public utility with the right of eminent domain is properly exercising that right in accordance with the statutory provisions thereof.

The court further finds that the plaintiff has sustained the proof on the four jurisdictional points, to wit: (a) its corporate existence; (b) its right to appropriate; (c) its inability to agree with the defendant owner, and (d) the necessity for the appropriation.

It is therefore the finding of the court that the plaintiff has clearly and plainly established its right to appropriate defendant's land and the finding of the court on all jurisdictional questions is in favor of the plaintiff.

Counsel for plaintiff will prepare proper entry, saving exceptions. Entry to be approved by counsel for defendant.